## John Webber *versus* The President &c. of Williams College.

Where a debtor, before the expiration of six years from the time when the debt accrued, proposed to the creditor, that if he would forbear bringing his action at that time, he should continue to have the same rights, for one year more, that he then had, and the creditor answered that he would not consent thereto, but did not, in fact, commence his action till the six years had expired, it was *held*, that this was a sufficient compliance, on the part of the creditor, with the debtor's proposal, and that the debtor could not, in such action, avail himself of the statute of limitations.

Where a corporation appointed an agent to take charge of its interest in a tract of land, mortgaged to it, and such agent was authorized by the treasurer of the corporation to advance a sum of money to the mortgagor, to enable him to pay a tax laid for the purpose of constructing a highway through the land, but the agent, instead thereof, gave a note for the amount of the tax, in the name of the corporation, it was *held*, that the corporation was not liable to an indorsee of such note, upon the note itself, nor in an action for money had and received.

THE facts* in this case appear sufficiently by the opinion of the Court, which was drawn up by

*April term 1840, at Ipswich.*

SHAW C. J. The question presented in this case, is mainly a question of fact upon the evidence, all of which, by agreement of the parties, is submitted to the Court.

The action is upon a promissory note, brought by the plaintiff as indorsee ; and the first ground of defence is, that it is barred by the statute of limitations. The action was not brought within six years, from the time the cause of action accrued ; but the plaintiff relies upon a waiver. Upon this point the facts are, that before the expiration of the six years, the treasurer of Williams College addressed a letter to the plaintiff, in answer to a demand for payment, proposing, that if he would forbear bringing his action at that time he should have the same rights for one year more, that he then had. The plaintiff, in answer, stated that he would not consent to postpone bringing his action, as proposed, but, in point of fact, he did so postpone it, till after the six years. The Court are of opinion, that this was a sufficient compliance with the defendants' offer, that they are bound by it, and that it is a good waiver of the statute of limitations.

The other question is attended with more difficulty, which

---

* *Dewey* J. did not sit in the cause.

is this ; whether Mr. Fessenden had authority to make a promissory note, in behalf of the defendant corporation. The majority of the Court are of opinion, that he was not vested with any authority to give a negotiable note in the name and on the credit of the college. He was the agent of the college at Portland, to manage some interests of theirs growing out of a grant to the college of a tract of eastern land. This agency was not of such a character as to authorize him to bind the corporation by contracts. But it appears, that, upon one occasion, in order to avoid an apprehended troublesome controversy, Mr. Noble, the treasurer, authorized Mr. Fessenden, if need be, to advance one or two hundred dollars, to assist Ingersoll, their mortgagor, to pay a large highway tax. In pursuance of this direction, Mr. Fessenden gave the note in question, to N. and C. Merrill, for the use of Ingersoll, as such advance. A settlement afterwards took place between Mr. Fessenden and the college, and his agency wholly terminated ; but it does not appear that, by the accounts or otherwise, the college had notice, that such a note had been given, till several years afterwards ; and there is no evidence of the ratification of this act, on the part of the defendants, by acquiescence or otherwise.

It comes, therefore, to the direct question, whether under this instruction, the agent had an authority to give a valid negotiable note binding upon the corporation. And a majority of the Court are of opinion, that he had not.

It is said, and in this is the stress of the argument, that the defendants are equitably liable, because their agent was authorized to advance to Ingersoll, an amount equal to this note, say seventy-five dollars, and that the defendants had the same benefit, as if this had been advanced and charged to them in cash. We have not investigated the accounts between Ingersoll and the college, or Fessenden and the college, to see whether the latter have actually had the benefit of this advance ; nor could such inquiry take place between the plaintiff, an indorsee, who was a stranger to the college, and the defendants. If this were treated as a mere memorandum in writing to Ingersoll, and he could show a valuable consideration moving from himself, and he were the plaintiff, it would present a very different

question. There might be sufficient equitable ground to raise an implied obligation and promise, sufficient to support an action. But such an obligation, though aided by a memorandum in writing, is not negotiable, and cannot maintain an action by an indorsee.

One reason on which this rule is founded is, that in an action between original parties, there may be counter claims of set-off, and other matters of defence, growing out of their mutual dealings, which could not avail the defendant in a suit by an indorsee, on a promissory note. And it is not, we think, an answer to this reason, to say, that in this case, there are no such matters of defence ; because the nature of the issue between the indorsee and the promisor, on a negotiable note, precludes the inquiry, whether there are such matters of de fence or not, and therefore the fact cannot be judicially known. That there may be such matters of defence, is not a matter of fact in the particular case, but a reason for the establishment of the general rule. It is the same reason, on which the rule is founded, which precludes the legal transfer of a chose in action, and prevents the assignee of the equitable interest from bringing an action in his own name. It would not aid an assignee in maintaining an action in his own name, if he could prove, that the debtor would have had no set-off, or other defence, against the assignor, if the suit had been brought in his name, and, therefore, such an inquiry would not be open to him.

And the considerations already suggested, afford an answer to the argument, that the plaintiff may recover, on the count for money had and received. To enable an indorsee to recover, on a count for money had and received of a maker, or any prior party other than his immediate indorser, he must show a complete legal title by indorsement. In that case only does the presumption arise, that the party liable on the note holds a sum of money to the use of the party entitled to it, on which the law raises an implied promise, to support the action.

A general authority to an agent, to collect debts, and to pay and receive money, does not authorize him to bind his principal by negotiable instruments ; such an authority must be expressly conferred, or reasonably implied from the nature of the business to be done. *Rossiter* v. *Rossiter*, 8 Wendell, 496.

*Plaintiff nonsuit.*

*Rantoul,* for the plaintiff.

*Shillaber* and *Huntington,* for the defendants, to the point, that the note was not binding on the defendants, Fessenden not being authorized to execute it in their name, cited *Emerson v. Providence Hat Manufacturing Co.* 12 Mass. R. 237.